# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | ED CV 15-0062 PA (DTBx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Lynda Butler v. WinCo Foods, LLC et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

None  None

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant WinCo Foods, LLC ("Defendant") on January 12, 2015. Defendant asserts this Court has subject matter jurisdiction on the basis of the Court's federal question jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law. Removal based on § 1331 is governed by the "well-pleaded complaint" rule. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, plaintiff is generally the "master of the claim." Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. There is no federal question jurisdiction simply because there is a federal defense to the claim. Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318. The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law. Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the Complaint contains causes of action for violations of: the Unruh Act, California Civil Code § 51, et seq., based on violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 1201, et seq.; California Civil Code § 52, et seq.; and the California Disabled Persons Act, California Civil Code § 54, et seq. Plaintiff also "seeks all of the relief available to her under Civil Code §§ 51, 52[,] et

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-0062 PA (DTBx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Lynda Butler v. WinCo Foods, LLC et al. | | |

seq., 54, 54.1, 54.2, [and] 54.3 which provide relief for the discrimination suffered by Plaintiff, including damages and attorneys fees." (Compl. ¶ 22.)

No federal claim is alleged. Defendant argues that while the Complaint "does not appear on its face to assert an ADA claim, it nevertheless does so through its incorporated references to both the ADA and to . . . federal claims . . . ." Notice of Removal ¶ 11. Defendant contends Plaintiff's claims raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without "disturbing any congressionally approved balance of federal and state judicial responsibilities." See Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg., 545 U.S. 308, 314 (2005). Defendant furthers claims that Wander v. Kaus, 304 F.3d 856 (9th Cir. 2002), which held that a state-law claim does not necessarily present a federal question merely because it requires a finding of a federal law violation, does not apply to the present action because "it is factually different and because it pre-dates Grable." Notice of Removal ¶ 14.

"The Supreme Court in Grable recognized a very limited situation where federal question jurisdiction extends to state-law claims. Under Grable, a state-law claim can 'arise under' federal question jurisdiction when it raises a 'disputed' and 'substantial' federal issue." Estate of Sesay v. Hawker Beechcraft Corp., No. 2:11-CV-04637-JHN, 2011 WL 7501887, at *4 (C.D. Cal. Dec. 9, 2011). "'Substantial' federal questions historically have been ones involving a federal agency's interpretation of a federal statute." Id. (citing Empire Health Choice Assur., Inc. v. McVeigh, 547 U.S. 677, 700 (2006) (explaining that the dispute in Grable centered on the action of a federal agency (IRS) and its compatibility with a federal statute)).

Although the state-law claims in the instant case may involve a dispute whether Defendant violated Plaintiff's rights under federal law, "the Ninth Circuit has implicitly recognized[] that the role of the ADA in California's disability laws is not significant. . . . Consequently, while the Ninth Circuit's reasoning in Wander, in light of Grable, perhaps should have been more comprehensive, its holding remains good law." Martinez v. Del Taco Inc., No. CIVS051418WBSPAN, 2006 WL 355194, at *4 (E.D. Cal. Feb. 14, 2006) aff'd, 252 F. App'x 148 (9th Cir. 2007) (citing Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003)). There is "no federal-question jurisdiction over a lawsuit for damages brought under California's Disabled Persons Act, even though the California statute makes a violation of the [ADA] a violation of state law." Id. (citing Wander, 304 F.3d at 857). Similarly, a claim under California's Unruh Civil Rights Act is not sufficient to confer federal question jurisdiction merely because the Act incorporates an ADA violation as an element. See Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618-19 (9th Cir. 2011) ("[Plaintiff] argues that [the] state-law claim 'arises under' federal law because the Unruh Civil Rights Act incorporates an ADA violation as an element. We have rejected this position. The Supreme Court's intervening decision in Grable does not affect the applicability of the principle we recognized in Wander . . . .") (internal citations omitted).

/ / /

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 15-0062 PA (DTBx) | Date | January 15, 2015 |
|---|---|---|---|
| Title | Lynda Butler v. WinCo Foods, LLC et al. | | |

     For the foregoing reasons, Defendant has failed to meet its burden of showing that federal subject matter jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Riverside County Superior Court, Case No. MCC 1401462. See 28 U.S.C. § 1447(c).

     IT IS SO ORDERED.

**JS-6**